***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Glenn, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. The issues to be determined from this hearing are as follows:
a. Was plaintiff injured by the negligence of the defendant;
b. Whether plaintiff was contributorily negligent; and,
c. What amount is plaintiff entitled to recover from the defendant as damages.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a minor and was a student at Rockingham County School on September 24, 1999.
2. On September 24, 1999, plaintiff was injured while being transported on a Rockingham County School bus as the vehicle traveled over a dip in the roadway on or near Narrow Gauge Road.
3. During the bus trip, Mason King, a minor and fellow student of plaintiff, accidentally stuck a pencil in the plaintiff's left eye while either erasing his homework or poking holes in a piece of paper.
4. The school bus was operated by Mark Staples, an employee and agent of the Rockingham County School System, who was acting within the scope and course of his employment for defendant.
5. Mr. Staples received training from Rockingham County School System, in which he was instructed that the bus driver is responsible for the safe transport of the minor students while on the school bus, and that no child shall be allowed to use pencil or pen while being transported on the Rockingham County School bus.
6. On the afternoon of September 24, 1999, Mr. Staples noted that Mason King, a student on the bus, had a pencil out while riding on the bus. Mr. Staples instructed Mason King to put the pencil away; however, Mr. Staples failed to further supervise Mason King or insure that the pencil had been secured prior to the continued operation of the school bus.
7. After instructing Mason King to put the pencil away, Mr. Staples continued the bus on its normal route on Narrow Gauge Road. On that roadway is a dip in the road for which Mr. Staples must slow down to keep proper control of the bus and to prevent his passengers from being thrown about the bus. As Mr. Staples drove the bus over the dip in the road, he heard plaintiff scream. Mr. Staples stopped the school bus and determined that plaintiff had been stuck in the left eye with a pencil. Mr. Staples immediately contacted plaintiff's mother to inform her of the incident. Thereafter, plaintiff was taken to the hospital for medical treatment.
8. The Full Commission finds that Mr. Staples failed to supervise Mason King, a student who was in Mr. Staples' care.
9. The Full Commission also finds that Mr. Staples failed to enforce the safety policy regarding the use of pencils and pens by students on the school bus.
10. Plaintiff received medical care and treatment for his injury as outlined in the stipulated medical records.
11. Plaintiff still has blurred vision in his left eye as a result of the accident, and continues to be treated for the injury.
12. Plaintiff incurred medical bills as follows:
a. Sterling Emergency Physicians (09/24/99): $165.00
b. Annie Penn Hospital (09/24/99): $124.74
c. Wake Forest Medical Center (09/24/99-09/25/99): $4,304.28
d. Wake Forest Physicians (09/24/99-06/20/03): $4,118.00
e. Wake Forest Medical Center (01/14/00): $75.50
f. Wake Forest Medical Center (04/07/00-04/20/00): $1,139.71
 Total Medicals: $9,927.23 =========
13. There is insufficient evidence of record upon which to find the amount of future medical costs that plaintiff is entitled to recover.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. An award against a county board of education under the provisions of the Tort Claims Act must be predicated on the negligent act or omission of the driver of a school bus who was employed at the time by the county of which such board was the governing body. N.C. Gen. Stat. § 143-300.1.
2. Under the Tort Claims Acts, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ.,321 N.C. 706, 709 (1998). Plaintiff must show: (1) that defendant owed plaintiff a duty of care under the circumstances; (2) that the actions or omissions by at least one of the named employees of defendant constituted a breach of that duty; (3) that the breach was the actual and proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages.Davidson v. University of North Carolina at Chapel Hill, 142 N.C. 544,543 S.E.2d 920 (2001).
3. In the present case, Mr. Staples (defendant's agent) had a duty of care to properly enforce the safety policies of the school bus while operating the vehicle, and to exercise proper supervision of the minors in his care. Defendant's agent breached his duty of care to plaintiff by not properly enforcing the safety policy regarding the use of pencils and pens by students on the school bus, and by failing to properly supervise Mason King, a minor also in Mr. Staples' care. This breach of duty proximately caused plaintiff to suffer injury to his left eye, which required medical treatment and will require future medical care. Plaintiff has shown that the damages he sustained were the proximate result of a negligent act of defendant. N.C. Gen. Stat. § 143-291.
4. As a result of defendant's breach of the above-mentioned duty, defendant is liable to plaintiff for the damages he sustained as a consequence of such breach. N.C. Gen. Stat. § 143-291.
5. The evidence of record fails to establish that plaintiff was contributorily negligent. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. This matter is hereby remanded to Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for the taking of additional evidence or further hearing, if necessary, and the entry of a Decision and Order with findings regarding the compensatory damages, including future medical costs, that plaintiff is entitled to recover.
2. Defendants shall pay costs.
This 16th day of March 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER